**UNITED STATES of America, Plaintiff-Appellee,**

**and**

**The Confederated Tribes and Bands of the Warm Springs Reservation of Oregon; Confederated Tribes and Bands of the Yakima Indian Nation; Confederated Tribes of the Umatilla Indian Reservation; and Nez Perce Tribe of Idaho, Plaintiff-Intervenors, Appellees,**

**v.**

**STATE OF OREGON, Defendant,**

**and**

**State of Washington, Defendant-Intervenor,**

**State of Idaho, Applicant for Intervention-Appellant.**

**No. 84–3501.**

United States Court of Appeals, Ninth Circuit.

Argued Sept. 7, 1984.

Submitted Sept. 21, 1984.

Decided Oct. 16, 1984.

Tim Weaver, Hovis, Cockrill, Weaver & Bjur, Takima, Wash., Catherine Wilson, Pendleton, Or., Robert C. Strom, Strom, Longeteig & Johnson, Craigmont, Idaho, Maria A. Iizuka, Dirk D. Snel, Washington, D.C., for plaintiff-appellee.

Stephen V. Goddard, Deputy Atty. Gen., Boise, Idaho, for applicant for intervention-appellant.

Before KILKENNY and SCHROEDER, Circuit Judges, and AGUILAR,* District Judge.

SCHROEDER, Circuit Judge.

The State of Idaho appeals from the denial of its petition to intervene as of right in litigation concerning the extent to which the States of Oregon and Washington may regulate fishing in the Columbia River and its tributaries consistent with the treaty rights of several Indian Tribes. Idaho seeks to participate in negotiations for a modified management plan which could have significant impact upon Idaho's fish resources in the upper tributaries of the Columbia River located in Idaho.

Because the district court based its denial upon the conclusion that the application was untimely, some understanding of the history of this litigation is necessary. This action began in 1968 when the United States and members of the Confederated Tribes and Bands of the Yakima Indian Nation filed separate suits against the State of Oregon to define the Indians' treaty right to take fish "at all usual and accustomed places," on the Columbia River and its tributaries. They sought a determination of the extent to which Oregon can regulate fishing after *Puyallup Tribe v. Department of Game*, 391 U.S. 392, 88 S.Ct. 1725, 20 L.Ed.2d 689 (1968). Four Indian Tribes, including the Yakimas, intervened in the United States' suit as plaintiffs, and the district court consolidated the two actions. Between 1969 and 1976, the tribes invoked the district court's jurisdiction several times, and the court repeatedly encouraged the adoption of a comprehensive plan. In 1974 the State of Washington was permitted to intervene, and in 1977 all parties to the litigation signed, and the district court approved, "A Plan for Managing Fisheries on Stocks Originating from the Columbia River and its Tributaries above Bonneville Dam" (Plan). The Plan had a term of five years.

---

\* Honorable Robert P. Aguilar, District Judge for the Northern District of California, sitting by designation.

The phase of the litigation that concerns us began in 1982 when two of the Tribes gave notice of their intent to withdraw from the Plan or to renegotiate it. On September 1, 1983, the district court found that changed circumstances of law and fact made the Plan subject to revision or modification and ordered the parties to attempt to agree upon a revised or modified agreement for allocation and management of Columbia River anadromous fish.

During the week before the district court entered that order, the State of Idaho filed this motion to intervene. The district court denied the motion on the ground that it was not timely. The court recognized that Idaho had an interest in the litigation, but stated that the interest would "be protected adequately at this time by allowing Idaho to participate as amicus curiae."

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, an applicant with an interest in the subject of the action whose ability to protect that interest may be impaired by the disposition of the action, and whose interest is not adequately represented by other parties, shall be permitted to intervene "upon timely application." [1] We review the district court's determination of untimeliness for abuse of discretion, *NAACP v. New York*, 413 U.S. 345, 366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648 (1973), bearing in mind that the timeliness requirement for intervention as of right should be treated more leniently than for permissive intervention because of the likelihood of more serious harm. *Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 659 (9th Cir.), *cert. denied*, 439 U.S. 837, 99 S.Ct. 123, 58 L.Ed.2d 134 (1978); *see also Westlands Water Dist. v. United States*, 700 F.2d 561, 563 (9th Cir.1983) (factors of Rule 24(a) should be construed favorably to intervenor); 7A C. Wright & A. Miller, *Federal Practice and Procedure* § 1916 (1972).

In determining timeliness, this court has stated that it looks to three factors: (1) the stage of the proceeding; (2) the prejudice to other parties; and (3) the reason for and length of the delay. *Petrol Stops Northwest v. Continental Oil Co.*, 647 F.2d 1005, 1009 (9th Cir.), *cert. denied*, 454 U.S. 1098, 102 S.Ct. 672, 70 L.Ed.2d 639 (1981); *Alaniz*, 572 F.2d at 659. Mere lapse of time alone is not determinative. C. Wright & A. Miller, *supra*, § 1916, at 574. Idaho gives changed circumstance—the possibility of new and expanded negotiations—as a major reason for its attempted intervention at this time. This change of circumstance, which suggests that the litigation is entering a new stage, indicates that the stage of the proceeding and reason for delay are factors which militate in favor of granting the application. *Hodgson v. United Mine Workers of America*, 473 F.2d 118 (D.C.Cir.1972) (request to intervene as of right after the trial stage allowed where applicants sought to participate in the remedial and appellate phases of the case and agreed not to reopen matters previously litigated); *Natural Resources Defense Council v. Costle*, 561 F.2d 904, 906–07 (D.C.Cir.1977) (in assessing timeliness, the district court should consider the reason intervention is sought and court abused its discretion in denying application where applicants sought to participate in settlement agreement's application); *Janusziewicz v. Sun Shipbuilding & Dry Dock Co.*, 677 F.2d 286, 293 (3d Cir.1982) (intervention should have been granted where applicant sought to participate in a new phase of litigation).

The question of timeliness here thus turns upon the issue of prejudice to the existing parties, which has been termed "the most important consideration in deciding whether a motion for intervention is untimely." C. Wright & A. Miller, *supra*, § 1916, at 575. It is significant that the

---

1. Rule 24(a)(2) provides:
    (a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

district court made no finding of prejudice. The existing parties suggest that Idaho's presence could create difficulties in the future if it were to assert claims against the Tribes beyond those to which the Tribes have consented, or if Idaho asserts a claim against the other states over which the district court lacks jurisdiction. Idaho has disclaimed any intent to relitigate matters which have previously been litigated, to raise any claims unrelated to the Tribes' treaty fishing rights, or to assert any claims against the other states. Res judicata principles would not preclude litigation in another forum of claims which the district court lacks jurisdiction to resolve. Restatement (Second) of Judgments §§ 1, 11 comment a, 27 comment k (1982).

The key point in this appeal, however, is that the existing parties' concerns have little to do with timeliness. They do not suggest that their problems are materially different now than they would have been had Idaho sought to intervene a decade or more ago. We find no basis in the record for holding that the intervention would prejudice the existing parties because of the passage of time. We therefore conclude that Idaho's application should not have been denied as untimely.

The remaining requirements for intervention as of right are met. There is no serious dispute that Idaho has interests which may be affected by the disposition of this litigation. Those interests are not being represented by the other parties to the litigation. The appellees argue that Idaho's interests can be adequately represented by its participation in the negotiations in an amicus capacity rather than as a party, but their argument ignores obvious distinctions between parties and amici. *Washoe Tribe of Nevada and California v. Greenley,* 674 F.2d 816, 818 (9th Cir.1982); *SEC v. Lincoln Thrift Ass'n,* 577 F.2d 600, 602 (9th Cir.1978); *Spangler v. Pasadena City Bd. of Educ.,* 552 F.2d 1326, 1329 (9th Cir.1977); 3B J. Moore & J. Kennedy, *Moore's Federal Practice,* ¶¶ 24.02, at 24–15–16, 24.15, at 24–170 (1982). When granted intervention, Idaho will be able to insure its participation in the negotiations and discussions of a modified plan on the same basis as other participants. As a party to the action, it will be able to invoke the district court's jurisdiction to secure adherence to orders of the district court. Given Idaho's legitimate interest in the anadromous fish runs which are the subject of this litigation and the absence of other parties protecting that interest, intervention should have been granted.

Reversed and remanded.