921 F.2d 924
 SCOTTS VALLEY BAND OF POMO INDIANS OF the SUGAR BOWL
RANCHERIA, Ray Douglas, individually and on behalf of all
others similarly situated; Ignatius (Steven) Elliot,
individually and on behalf of all others similarly situated,
Plaintiffs-Appellees,
v.
UNITED STATES of America, Defendant,
City of Chico, Intervenor-Appellant.
 No. 88-15631.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 12, 1990.
Decided Dec. 21, 1990.
 
 Robert G. Boehm, City Atty., Chico, Cal., for intervenor-appellant.
 Stephen V. Quesenberry, California Indian Legal Services, Oakland, Cal., for plaintiffs-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before BOOCHEVER, WIGGINS and NOONAN, Circuit Judges.
 WIGGINS, Circuit Judge:
 
 
 1
 The City of Chico appeals the district court's denial of its motion for intervention as of right under Federal Rule of Civil Procedure 24(a)(2). It claims a protectable interest in property which is the subject of the underlying action. We reverse and remand.
 
 BACKGROUND
 
 2
 This class action was commenced on June 27, 1986, by the Scotts Valley Band of Pomo Indians and individual Indians (collectively "Indian Bands") against the United States, various federal officials, and the County of Lake and its tax collector. The Indian Bands seek to restore the federal trust status of certain real property (the "rancherias") located near the City of Chico, California. The gravamen of the Indian Band's claim is that the Government unlawfully terminated the rancherias' trust status under the California Rancheria Act, Pub.L. No. 85-671, 72 Stat. 619 (1958) (as amended by Pub.L. No. 88-419, 78 Stat. 390 (1964)). The complaint was amended, most recently on August 25, 1987, to clarify the scope of the action. The Indian Bands pray for a declaration that the rancherias were unlawfully terminated by the Government, and for an order compelling the Secretary of the Interior to restore the rancherias' trust status. The amended complaint included, as a defendant, the City of Chico (the "City").
 
 
 3
 One of the rancherias, Chico Rancheria, is partially located within the City's municipal boundaries. The City therefore exercises civil jurisdiction over portions of the property at issue in the Indian Bands' suit. The City collects property taxes on the Chico Rancheria totalling approximately $3,300 per year. Further, the City enforces certain land-use and health regulations on portions of the Chico Rancheria.
 
 
 4
 On September 8, 1988, the Indian Bands filed a motion with the district court, under Federal Rules of Civil Procedure 21 and 41(a)(2), to dismiss certain defendants, including the City. Over the City's objection, the district court granted the Indian Bands' motion on October 17, 1988. All defendants were dismissed except the United States and the various federal officials. The City then filed a motion with the court to intervene in the action under Federal Rule of Civil Procedure 24. The City sought intervention as of right under Rule 24(a)(2), and alternatively, permissive intervention under Rule 24(b)(2). By order dated November 7, 1988, the district court denied the City's motion, reasoning that federal administrative regulations of the Secretary of the Interior adequately protected the City's interests. The City appeals the district court's denial of its motion to intervene.[1]
 
 DISCUSSION
 
 5
 This court reviews a district court's denial of a motion to intervene as of right de novo. United States v. Oregon, 839 F.2d 635, 637 (9th Cir.1988); California v. Tahoe Regional Planning, 792 F.2d 779, 781 (9th Cir.1986).
 
 
 6
 Fed.R. of Civ.P. 24(a) controls intervention as of right.[2] This circuit applies a four-part test to evaluate claims for intervention under Rule 24(a)(2). First, the applicant's motion must be timely; second, the applicant must assert an interest relating to the property or transaction which is the subject of the action; third, the applicant must be so situated that without intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect that interest; and fourth, the applicant's interest must be inadequately represented by the parties to the action. Tahoe, 792 F.2d at 781; Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 527 (9th Cir.1983). Rule 24(a) is construed broadly, in favor of the applicants for intervention. Oregon, 839 F.2d at 637; Washington State Bldg. & Const. Trades Council v. Spellman, 684 F.2d 627, 630 (9th Cir.1982).
 
 
 7
 The City's motion for intervention, brought shortly after the City's dismissal as a party, was timely. Further, the remaining defendants to the action, the federal Government and federal officials only, are not in a position adequately to protect any of the City's municipal interests. The United States and its officials, because they do not directly share the City's municipal interest, will not necessarily act to protect that interest. Therefore, we need only concentrate on the second and third elements of the test to determine whether the City has a right to intervene in the action. See Waller v. Financial Corp., 828 F.2d 579, 582 (9th Cir.1987) (court substantively addressing only the second and third elements of Rule 24(a)(2) test).
 
 
 8
 * The City contends that it has a protectable interest in the action because of its taxing and regulating powers associated with the Chico Rancheria. The City currently collects approximately $3,300 per year in property taxes. The City enforces land-use regulations which prevent incompatible property uses and control excess demand on public facilities. Further, the City enforces health and safety regulations. If the Indian Bands succeed in having the rancherias restored to federal trust status, the City will lose its ability to tax the Chico Rancherias and to enforce its municipal regulations.
 
 
 9
 Other courts have recognized a municipal interest in taxing and regulatory powers. In City of Sault Ste. Marie v. Andrus, 458 F.Supp. 465 (D.D.C.1978), a city sought to challenge decisions by the Secretary of the Interior to acquire land in trust. The court held that the city had standing to maintain its action against the Secretary because the Secretary's acquisition of the land would frustrate municipal police powers and result in a loss of tax revenue. Sault Ste. Marie, 458 F.Supp. at 468; see also City of Tacoma v. Andrus, 457 F.Supp. 342 (D.D.C.1978) (although not directly addressing issue, city's standing implicit in court's discussion of merits). We agree with the reasoning of Sault Ste. Marie, namely that a municipality has an interest in the removal of property from its civil jurisdiction. Therefore, we must determine if the City's interest is significant enough to compel intervention as of right. See Donaldson v. United States, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971) (Rule 24 demands a "significantly protectable interest.").
 
 
 10
 This court has found a sufficient interest present in a variety of situations. See Oregon, 839 F.2d at 637 (residents of state mental institution had sufficient interest in litigation brought by the federal government against the State of Oregon alleging a failure by the State to provide minimally adequate facilities and services); Waller, 828 F.2d at 582 (accounting firm had interest in litigation concerning the alleged inaccuracies of financial statements prepared by the firm); In re Benny, 791 F.2d 712, 721 (9th Cir.1986) (bankruptcy judges had sufficient interest in litigation concerning the constitutionality of statutes which extended judges' terms); United States v. Oregon, 745 F.2d 550, 553 (9th Cir.1984) (State of Idaho had interest in litigation concerning the extent to which the States of Oregon and Washington could regulate Columbia River fishing consistent with the treaty rights of Indian tribes). We find that the City's tax and regulatory concerns are sufficient, in light of the previous decisions of this court, to establish a protectable interest in the Indian Bands' action and to allow intervention by the City.[3] Municipal governments perform essential tasks in regulating property within their borders. If the Chico Rancheria is removed from municipal jurisdiction, as the Indian Bands' action seeks, the City will lose tax revenue and the remaining city property may, as a practical matter, be affected by the City's inability to enforce land-use and health regulations.
 
 B
 
 11
 The district court denied the City's motion to intervene because it believed administrative regulations provided protection for the City's interests. This reasoning goes directly to the third element of this circuit's intervention test, namely that disposition of the underlying action may practically impair or impede the City's ability to protect its interest. The Secretary of the Interior is authorized to acquire land to be held in trust for Indians. 25 U.S.C. Sec. 465. Indians make requests to the Secretary to acquire land in trust. 25 C.F.R. Sec. 151.9.[4] When presented with a request to acquire land, the Secretary must consider the tax and land use consequences of acquisition. 25 C.F.R. Sec. 151.10(e) and (f).[5] The district court determined that this administrative provision adequately protected the City, and it therefore denied the motion to intervene.
 
 
 12
 We need not decide, however, whether the Secretary could adequately represent the City's interest under the regulations. Because the Indian Bands' action seeks to compel the Secretary of the Interior to acquire the rancherias, the provisions of 25 C.F.R. Sec. 151.10 are inapplicable. Assuming that the Indian Bands' relief is granted, the Secretary will not be in a position to exercise the discretion contemplated by the administrative scheme. The Indian Bands will never file a request under Sec. 151.9 and therefore, the City will never have an opportunity to present its interests under Sec. 151.10(e) and (f). Its claims will go unheard and its interests unprotected. Allowing the City to intervene in this action is the only practical means of protecting its taxing and regulatory interest.
 
 CONCLUSION
 
 13
 The judgment of the district court is reversed. The case is remanded with instructions to the district court to enter an order granting the City's application for intervention under Fed.R.Civ.P. 24(a)(2).
 
 
 
 [1]
 The City only appeals the district court's denial of its motion to intervene as of right under Rule 24(a)(2). It does not argue on appeal that the district court erred in not allowing permissive intervention under Rule 24(b)(2)
 
 
 [2]
 Rule 24(a) reads:
 Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 
 
 [3]
 The Indian Bands make unpersuasive arguments that the City's interest is not protectable. First, they assert that an admission by the Government defeats the City's interest. In answering an interrogatory, the Government admitted that it does not contend that the rancherias were legally terminated. However, this does not defeat the City's interest. Despite the government's admission, the Indian Bands' suit has not been decided, and any relief has yet to be granted. Further, as a party to the action, the City may present arguments concerning the legality of the termination. Therefore, the effect of the suit on the City's interest has yet to be determined. Second, the Indian Bands contend that the City's interest is de minimis. However, the Indian Bands' complaint seeks wide declaratory relief concerning the rancherias. Land included in the Chico Rancheria is an important portion of the City, and therefore, the regulatory powers of the City are not de minimis because removal of the land from municipal jurisdiction may have a significant effect on the City
 
 
 [4]
 Section 151.9 reads in pertinent part: "An individual Indian or tribe desiring to acquire land in trust status shall file a written request for approval of such acquisition with the Secretary."
 
 
 [5]
 Section 151.10 reads in pertinent part:
 In evaluating requests for the acquisition of land in trust status, the Secretary shall consider the following factors:
 (e) If the land to be acquired is in unrestricted fee status, the impact on the State and its political subdivisions resulting from the removal of the land from the tax rolls;
 (f) Jurisdictional problems and potential conflicts of land use which may arise; ...