MGM GRAND HOTEL, INC., a Nevada
corporation, Plaintiff,

v.

SMITH–HEMION PRODUCTIONS, INC.,
a California corporation; Jackson Jubilee, Inc., a New Jersey corporation; and
Jackson Communications, Inc., a Delaware corporation, Defendants.

No. CV–S–94–357–PMP (LRL).

United States District Court,
D. Nevada.

Dec. 12, 1994.

Rodney M. Jean, Lionel Sawyer & Collins, Las Vegas, NV, for plaintiff.

William R. Urga, Jolley, Urga, Wirth & Woodbury, Las Vegas, NV, Roel C. Campos, William J. Briggs, II, Richman, Lawrence, Mann, Greene, Abbiter & Chizever, Beverly Hills, CA, for defendant Smith–Hemion Productions, Inc.

Timothy C. Williams, Las Vegas, NV, Kenneth L. Johnathan, Jr., Neptune, NJ, for defendant Jackson Communications.

Phillip S. Aurbach, Terry A. Coffing, Marquis & Aurbach, Las Vegas, NV, Robert M. Schwartz, Craig A. Corman, Los Angeles, CA, for Intervenors Trans World Int'l Inc.

### ORDER

PRO, District Judge.

On April 15, 1994, Plaintiff MGM Grand Hotel, Inc. ("MGM"), filed a Complaint for Interpleader (# 1) against the above-captioned Defendants. MGM's action relates to the production of a televised stage show, entitled "Jackson Family Honors", held at the MGM Grand Hotel, Casino and Theme Park on February 19, 1994.

MGM claims that through its relationship with Defendants and its involvement with the production of the show, MGM sold on-site tickets to the show on or about February 18 and 19, 1994. As a result, MGM came to possess $402,600.00 gross receipts through the sale of the tickets. After applying a set-off pursuant to Nevada law for various production-related expenses it incurred, MGM continues to hold $145,550.00 of the ticket receipts (the "Interpleader Fund").

MGM claims that the various Defendants have each asserted and claimed entitlement to the Interpleader Fund. MGM further asserts that by reason of these adverse claims, MGM is unable to make payment from the Interpleader Fund to any of the adverse claimants without exposing itself to multiple lawsuits, inconsistent judgments, and numerous potential liabilities. Pursuant to the federal interpleader statute, 28 U.S.C. § 1335, MGM has placed the Interpleader Fund in the amount of $145,550.00 into the registry of the Court, there to abide by this Court's judgment.

On September 26, 1994, Defendant Smith–Hemion Productions, Inc. ("Smith–Hemion"), filed a Motion for Summary Judgment or Summary Adjudication of Issues (# 17), along with a Declaration (# 18) in support thereof, in which Smith–Hemion claimed entitlement to the Interpleader Fund. On October 13, 1994, MGM filed a Response (# 22), in which MGM indicated it did not oppose Smith–Hemion's Motion for Summary Judgment, subject to a reduction of the Interpleader Fund for MGM's fees and costs. Smith–Hemion did not oppose MGM's request for fees and costs. See Smith–Hemion's Response to MGM's Motion for Attorney's Fees and Costs (# 27).

Thereafter, on October 28, 1994, Trans World International, Inc., and International Merchandising Corporation (hereinafter collectively "TWI"), filed a Motion for Intervention and for Denial of Pending Summary Judgment Motion or, Alternatively, an Opportunity to Oppose Pending Motion (# 28), along with Declarations (# 29) in support thereof. In its Motion for Intervention, TWI also asserts an interest in the Interpleader Fund. On November 16, 1994, Smith–Hemion filed an Opposition (# 41) to TWI's Motion for Intervention. TWI filed a Reply (# 45) on November 30, 1994.[1]

As it is clear to the Court that the disposition of Smith–Hemion's Motion for Summary Judgment is likely to be materially affected if TWI is allowed to intervene in this action,

---

1. On October 17, 1994, Defendant Jackson Communications, Inc. ("JCI"), filed a Response (# 25) to Smith–Hemion's Motion for Summary Judgment in which counsel for JCI indicated that JCI did not oppose Smith–Hemion's Motion. On October 21, 1994, however, the Court issued an Order (# 26) striking JCI's Response for failing to provide proof of service as required by Fed. R.Civ.P. 5(d). On November 14, 1994, JCI refiled its Response with the proof of proper service. Therefore, unless TWI is allowed to intervene in this action, it appears that none of the remaining parties oppose Smith–Hemion's Motion for Summary Judgment.

the Court will first consider TWI's Motion for Intervention.[2]

## I. *Motion for Intervention (#28)*

### A. Intervention as of Right

■ TWI has moved to intervene as of right in this interpleader action pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. The Ninth Circuit has adopted a four-part test to resolve applications for intervention of right under Rule 24(a)(2):

> An order granting intervention as of right is appropriate if (1) the applicant's motion is timely; (2) the applicant has asserted an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that without intervention the disposition may, as a practical matter, impair or impede its ability to protect that interest; and (4) the applicant's interest is not adequately represented by the existing parties.

*United States ex rel. McGough v. Covington Technologies Co.,* 967 F.2d 1391, 1394 (9th Cir.1992) (quoting *County of Orange v. Air California,* 799 F.2d 535, 537 (9th Cir.1986), *cert. denied,* 480 U.S. 946, 107 S.Ct. 1605, 94 L.Ed.2d 791 (1987)). The test essentially mirrors the language of Rule 24(a)(2).[3] *Id.* As a general matter, Rule 24(a)(2) "is construed broadly in favor or proposed intervenors and '[the Court is] guided primarily by practical considerations.'" *Id.* (quoting *United States v. Stringfellow,* 783 F.2d 821, 826 (9th Cir.1986) (citation omitted), *vacated on other grounds,* 480 U.S. 370, 107 S.Ct. 1177, 94 L.Ed.2d 389 (1987)).

TWI asserts that it has met all the criteria to intervene as a matter of right. Smith–Hemion argues that TWI's Motion should be denied because TWI has no protectable interest in the Interpleader Fund. The Court finds that TWI's Motion was timely; that without intervention any interest TWI may have will be unprotected; and that no existing party will adequately protect any interest held by TWI. Thus, the only remaining question is whether TWI has satisfied the second prong of the intervention test, the "interest" requirement.

■ As noted by the Ninth Circuit, the interest test is "basically a threshold one," and "is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *County of Fresno v. Andrus,* 622 F.2d 436, 438 (9th Cir.1980) (quoting *Nuesse v. Camp,* 385 F.2d 694, 700 (D.C.Cir.1967)). The "interest", under Rule 24, however, must be "direct, noncontingent, substantial and legally protectable." *Dilks v. Aloha Airlines, Inc.,* 642 F.2d 1155, 1157 (9th Cir.1981); *see also State v. Motorola, Inc.,* 139 F.R.D. 141, 144 (D.Ariz. 1991). This comports with the statement by the Supreme Court that the rule requires a "significantly protectable interest." *Donaldson v. United States,* 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971).

TWI's purported interest in the Interpleader Fund arises from its status as the seller of the domestic and foreign radio and television rights to the show. According to an agreement between TWI, JCI, and the Casino Association of New Jersey ("CANJ"), TWI was to sell the radio and television rights, as well as corporate "sponsorships" to the show, in return for: 1) commissions on the sales of radio and television rights; 2) reimbursement of expenses approved in ad-

**2.** On November 1, 1994, TWI filed an Ex Parte Application for Order Allowing Intervention Before or Concurrently with Determination of Pending Summary Judgment Motion (#34). As the Court has already determined that TWI's Motion for Intervention should be considered before ruling on Smith–Hemion's Motion for Summary Judgment, TWI's Ex Parte Application will be denied as moot.

**3.** Specifically, Rule 24(a)(2) provides that an applicant shall be allowed to intervene in an action when

the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a)(2).

vance by JCI; and 3) a production fee. TWI claims that under the agreement these expenses and fees were to be deducted from the revenues it obtained from foreign sales before remitting the remainder to JCI. In the event foreign revenues were insufficient to satisfy TWI's rights under the agreement, however, JCI would make up the shortfall from other sources of show revenues.

TWI has performed its obligations under the contract and, to date, it has collected $567,562.00 from foreign sales of the show. Together with other sums received during production of the show, TWI obtained $613,-344.37 in show revenues. TWI claims that under its contract with JCI and CANJ, TWI is entitled to retain at least $492,983.50 in commissions, fees, and expenses from this amount. TWI has done this and has deposited the remaining $120,360.87, which is potentially due and payable to JCI, with the District Court in Los Angeles in separate interpleader action.

TWI further claims, however, that it has been named as a defendant is two separate lawsuits brought by other individuals and entities involved in the production of the show. It argues that it has an interest in the Interpleader Fund because if any of these other parties prevails in the Los Angeles interpleader action, then TWI's commissions, fees, and expenses will greatly exceed the remaining available funds in that action. In that event, TWI asserts that it will be entitled to recoup the shortfall from other show-related sources, including the Interpleader Fund in this case.

Smith–Hemion vigorously argues that TWI is not entitled to intervene as of right because TWI's purported interest is too contingent and speculative to constitute a legally protectable interest. Although Smith–Hemion's position might arguably justify denying TWI's application for intervention as of right, the Court declines to reach the merits of this issue because the Court finds that

permissive intervention pursuant to Rule 24(b)(2) is appropriate.

### B. Permissive Intervention

■ Under Rule 24(b)(2), the Court may grant permissive intervention only if three conditions are met: (1) the applicant must demonstrate an independent ground for federal jurisdiction; (2) the motion must be timely; and (3) the applicant's claims must have a question of law and fact in common. *Venegas v. Skaggs,* 867 F.2d 527, 529 (9th Cir.1989), *aff'd,* 495 U.S. 82, 110 S.Ct. 1679, 109 L.Ed.2d 74 (1990). In the case *sub judice,* an independent ground for federal jurisdiction is present by virtue of the federal interpleader statute, and common questions of law and fact exist because the rights and liabilities of the parties all arise from the events surrounding the production of the show. Furthermore, the Court finds that TWI's Motion is timely because these proceedings have not significantly progressed, the other parties will not be prejudiced if TWI is allowed to intervene, and the Motion was not filed after a substantial delay.[4]

■ Simply because the elements of permissive intervention are present does not automatically entitle an applicant to intervene, however. Rule 24(b) "necessarily vests 'discretion in the district court to determine the fairest and most efficient method of handling a case....' " *Venegas,* 867 F.2d at 530 (quoting *SEC v. Everest Management Corp.,* 475 F.2d 1236, 1240 (2d Cir.1972)). In this area, the factors that should be considered in the exercise of judicial discretion include (1) whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties; (2) whether the applicant's interests are adequately represented by the existing parties; and (3) the interests of judicial economy. *Venegas,* 867 F.2d at 530–31. The Court finds that each of these factors weighs in favor of allowing TWI to intervene in this action.

---

4. In determining whether TWI's Motion was timely, the Court evaluated three factors: (1) the stage of the proceeding at which the applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.

*County of Orange v. Air California,* 799 F.2d 535, 537 (9th Cir.1986), *cert. denied,* 480 U.S. 946, 107 S.Ct. 1605, 94 L.Ed.2d 791 (1987) (citing *United States v. Oregon,* 745 F.2d 550, 552 (9th Cir.1984)).

Furthermore, and perhaps most importantly, allowing TWI to intervene in this action comports with the purpose of the federal interpleader statute of providing "a forum in which the holder of money admittedly owing to someone and claimed by several parties may have the question of entitlement to the fund settled in one proceeding and be himself discharged from all further liability as to the fund." *Massachusetts Mut. Life Ins. Co. v. Central—Penn. Nat'l Bank,* 362 F.Supp. 1398, 1401 (E.D.Pa.1973). As the Supreme Court has noted in the context of intervention as of right, a "traditional basis for intervention ... derives from interpleader practice; when a number of persons possess claims to a fund which are or may be mutually exclusive, intervention is allowed a claimant." *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.,* 386 U.S. 129, 146, 87 S.Ct. 932, 942, 17 L.Ed.2d 814 (1967) (Stewart, J., dissenting) (conducting an historical examination of intervention practice). Allowing TWI to intervene in this action is in accordance with these principles and, in the exercise of its discretion, the Court finds that the fairest and most efficient method of handling this case is to allow TWI to intervene.

## II. *Motion for Summary Judgment (# 17)*

Finally, the Court further finds it appropriate to stay consideration of Smith–Hemion's Motion for Summary Judgment (# 17) to afford TWI the opportunity to respond to this Motion on the merits.

IT IS THEREFORE ORDERED THAT TWI'S Motion for Intervention (# 28) is Granted.

IT IS FURTHER ORDERED THAT TWI'S Motion for Denial of Pending Summary Judgment Motion (# 28) is Denied.

IT IS FURTHER ORDERED THAT TWI'S Motion for Opportunity to Oppose Pending Motion (# 28) is Granted, and TWI shall have to and including December 30, 1994, within which to file an Opposition to Smith–Hemion's Motion for Summary Judgment (# 17). Smith–Hemion shall thereafter have to and including January 11, 1995, within which to file a Reply, at which time the Clerk of Court shall resubmit Smith–He-

mion's Motion for Summary Judgment (# 17) to the undersigned.

IT IS FURTHER ORDERED THAT TWI's Ex Parte Application for Order Allowing Intervention Before or Concurrently with Determination of Pending Summary Judgment Motion (# 34) is Denied as moot.

IT IS FURTHER ORDERED THAT Smith–Hemion's Request for Attorney's Fees Under Rule 11 (# 41) is Denied.