**UNITED STATES of America, Plaintiff,**

v.

**BLAINE COUNTY, MONTANA; Don K. Swenson; Arthur Kleinjan; Victor Miller, in their official capacities as members of the Blaine County Board of Commissioners; Sandra Boardman, in her official capacity as Clerk and Recorder and Superintendent of Elections for Blaine County, Montana, Defendants–Appellees.**

Joseph F. McConnell; Franklin R. Perez; Candace D. De Celles; Cheryl Sears; Wesley D. Cochran; Linda M. Buck; Donald L. Long Knife; Daniel Kinsey; Fort Belknap Community Council, Applicants -Appellants,

No. 01–35611.

D.C. No. CV–99–00122–PMP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 2002.

Decided June 6, 2002.

Appeal from the United States District Court for the District of Montana, Philip M. Pro, District Judge, Presiding.*

Before WOOD, Jr.,** D.W. NELSON, and PAEZ, Circuit Judges.

MEMORANDUM ***

Appellants include eight individuals who are Native American residents and voters of Blaine County, Montana, as well as the Fort Belknap Community Council, the tribal government representing the tribes of the Fort Belknap Indian Reservation, which is located within Blaine County. Appellants wish to intervene in a Voting Rights Act lawsuit filed in November 1999 by the United States against appellees challenging Blaine County's at-large method of electing its Board of Commissioners. Appellants filed their motion to intervene on February 28, 2001, seeking either intervention as of right under Fed.R.Civ.P. 24(a)(2) or permissive intervention under Fed.R.Civ.P. 24(b)(2). Appellees challenged intervention; plaintiff the United States supported intervention. The district court denied the motion to intervene in an order filed June 8, 2001. The court expressly noted in its order that appellants were not foreclosed from seeking to intervene post-judgment. Appellants filed a timely notice of appeal challenging the June 8 order.[1]

For intervention as of right under Fed. R.Civ.P. 24(a)(2): (1) the application must be timely; (2) the applicant must have a "significantly protectable" interest relating to the transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the suit. *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir.2001). The district judge found that appellants failed to show that their request to inter-

---

* The Honorable Philip M. Pro, District Judge, United States District Court for the District of Nevada, sitting by designation.

** The Honorable Harlington Wood, Jr., Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. While this appeal was pending, the district court held a court trial and issued its Findings of Fact and Conclusions of Law finding a violation of the Voting Rights Act. The district court's ruling does not moot this appeal because it requires further district court proceedings.

vene was timely or that their interests would be inadequately represented by the United States. We review a district court's denial of a motion to intervene under Fed.R.Civ.P. 24(a) *de novo,* with the exception of the timeliness issue which we review for abuse of discretion. *Id.* The denial of a motion to intervene as of right is a final appealable order pursuant to 28 U.S.C. § 1291. *Id.* at 814.

In ruling that appellants' motion to intervene as of right was untimely, the district court applied the correct legal standard. *See Smith v. Marsh,* 194 F.3d 1045, 1050 (9th Cir.1999). The district court's finding that discovery had been completed at the time appellants filed their motion is not clearly erroneous. Discovery had been closed with one narrow exception. Contrary to appellants' assertions, the district court did not base its entire timeliness decision on the fact that some degree of delay would result from intervention; rather it properly considered the inevitable delay as one relevant factor. *See League of United Latin Am. Citizens v. Wilson,* 131 F.3d 1297, 1304 (9th Cir. 1997) (*"LULAC"*). Finally, appellants concede that they knew they could have met the standard of inadequate protection at the time the complaint was filed, and it is undisputed that they had knowledge of the suit. Appellants fail to offer sufficient explanation for their delay in filing their motion to intervene. *See id.* at 1304–07. The district court did not abuse its discretion in determining that the request to intervene as of right was untimely. We need not address the other elements of Fed.R.Civ.P. 24(a)(2), as "[t]imeliness is the threshold requirement for intervention as of right." *Id.* at 1302 (internal quotations and citation omitted). The district court's denial of appellants' motion to intervene as of right is affirmed.

The district court denied appellants' motion for permissive intervention under Fed.R.Civ.P. 24(b)(2) "for the same reasons [appellants] are not entitled to intervention as of right," that is, based on their failure to show that the request was timely or that their interests would be inadequately represented by the United States. "As with motions for intervention as of right, a finding of untimeliness defeats a motion for permissive intervention." *LULAC,* 131 F.3d at 1308 (internal quotations and citation omitted). Timeliness under Fed.R.Civ.P. 24(b)(2) is analyzed using the same factors used in determining timeliness under Fed.R.Civ.P. 24(a)(2), *id.;* factors correctly recognized by the district court. However, the timeliness element for permissive intervention is analyzed more strictly than it is for intervention as of right. *Id.* (citing *United States v. Oregon,* 745 F.2d 550, 552 (9th Cir.1984)). For the reasons set forth in the intervention as of right discussion above, we find no abuse of discretion occurred in the district court's timeliness ruling with respect to permissive intervention, and therefore, we must dismiss this portion of the appeal for lack of jurisdiction. *See id.*

The district court's denial of appellants' motion to intervene as of right under Fed. R.Civ.P. 24(a)(2) is AFFIRMED. The portion of the appeal dealing with appellants' motion for permissive intervention under Fed.R.Civ.P. 24(b)(2) is DISMISSED for lack of jurisdiction.