**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> ACTIVISION BLIZZARD, INC.; BLIZZARD ENTERTAINMENT, INC.; ACTIVISION PUBLISHING, INC.; KING.COM, INC.; DOES, One through Ten, inclusive, <br><br> Defendants-Appellees, <br><br> v. <br><br> JESSICA GONZALEZ, Proposed Intervenor, <br><br> Movant-Appellant. | No. 22-55515 <br><br> D.C. No. 2:21-cv-07682-DSF-JEM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted June 13, 2023

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before: BYBEE and CHRISTEN, Circuit Judges, and VITALIANO,** District Judge.

Jessica Gonzalez appeals the denial of her motion to intervene in a suit brought by the United States Equal Employment Opportunity Commission ("EEOC") against Activision Blizzard, Inc. and its subsidiaries ("Activision"). We have jurisdiction to review the district court's order under 28 U.S.C. § 1291. *League of United Latin Am. Citizens ("LULAC") v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). We affirm.

Because the district court made no specific findings as to timeliness or otherwise, we review the decision de novo. *Id.* We hold that Gonzalez's motion was untimely.

Rule 24 requires, as a condition precedent, that any application to intervene be timely. Fed. R. Civ. P. 24. We consider three factors in our timeliness determination: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Orange County v. Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986).

---

** The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

We first look to the extent "that the district court has substantively—and substantially—engaged the issues" at the time of the proposed intervention. *LULAC*, 131 F.3d at 1303. Gonzalez filed her motion to intervene on March 4, 2022, five months after EEOC filed suit and lodged a proposed Consent Decree. During this time, the district court and the parties "had covered a lot of legal ground together." *Id.* For example, on October 12, 2021, Gonzalez's union filed objections to the proposed Consent Decree. On October 25, 2021, the California Civil Rights Division ("CRD") moved to intervene. On December 13, 2021, the district court held a 90-minute hearing at which it discussed the proposed Consent Decree page by page. On January 4, 2022, the parties lodged an amended decree. On January 18, 2022, CRD filed additional objections to the amended decree. And on February 10, 2022, Gonzalez herself filed objections to the proposed decree. Given the timeline of this lawsuit, Gonzalez moved to intervene late in the proceedings, which weighs against a finding of timeliness.

We next consider prejudice to the existing parties, which is "the most important consideration" in our timeliness analysis. *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984) (internal quotation marks and citation omitted). We have held that "if granting a belated motion to intervene would threaten the delicate balance reached by existing parties after protracted negotiations, this factor

may weigh against intervention." *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir. 2016). This factor also weighs against Gonzalez's intervention. While Gonzalez claims her concerns can be addressed with "[a]n easy fix," her purpose in intervening is actually to force a substantive change in the agreement that would expose Activision to additional legal liability. Such an imposition would "upset the delicate balance" the parties have thus far reached after several rounds of negotiations, amendments, and proposed decrees. *United States v. Washington*, 86 F.3d 1499, 1504 (9th Cir. 1996).

Lastly, we consider the reason for and length of the movant's delay, which "is measured from the date the proposed intervenor should have been aware that its interests would no longer be protected adequately by the parties. . . ." *Id.* at 1503. "[A]ny substantial lapse of time weighs heavily against intervention." *LULAC*, 131 F.3d at 1302 (quoting *Washington*, 86 F.3d at 1503). Gonzalez's sole reason for delay was because she was relying on both her union and CRD to intervene and represent her interests. It is clear from the record and Gonzalez's concessions that she was aware of and opposed to this litigation as early as October 2021, when her union filed objections to the proposed decree. She also knew in December 2021 that the district court had rejected both the union's objections and CRD's motion to intervene. Gonzalez's strategy was certainly her prerogative. However, she

4

"should have known that the risks of waiting included possible denial of [her] motion[] to intervene as untimely." *Cal. Dep't of Toxic Substances Control v. Com. Reality Projects, Inc.*, 309 F.3d 1113, 1120 (9th Cir. 2002) ("While [the proposed intervenors] were not certain that the Consent Decree would be adverse to their interests, they had reason to know that negotiations might produce a settlement decree to their detriment."); *see also United States v. Oregon,* 913 F.2d 576, 589 (9th Cir. 1990) (finding intervention untimely because applicants knew of the proceeding and were aware that their interests would be discussed in settlement negotiations).  It has been well established that intervenors should not "let the fate of [another's] motion to intervene govern [their] decision whether to apply for intervention." *Washington*, 86 F.3d at 1504.  Therefore, this factor also weighs against Gonzalez.

Considering all three factors, Gonzalez's motion was untimely. Accordingly, the order is **AFFIRMED**.