COLEMAN CAPITAL CORPORATION,
Plaintiff,

v.

FIDELITY & DEPOSIT COMPANY OF
MARYLAND, Defendant.

67 Civ. 1400.

United States District Court
S. D. New York.

Dec. 18, 1967.

Leon C. Baker, New York City, for plaintiff, of counsel.

Eugene Wallman, New York City, for petitioner, of counsel.

## OPINION

HERLANDS, District Judge:

This motion by Trans Urban Construction Co., Inc. for intervention as of right pursuant to Fed.R.Civ.P. 24(a) (2) is hereby granted.

The action herein was commenced by Coleman Capital Corporation, as assignee of the claims of G.B.S. Construction Corporation, the alleged subcontractor (hereinafter "G.B.S."), and of the claims of certain laborers, against Fidelity and Deposit Company, surety on a payment bond. The bond had been furnished by Trans Urban Construction Co., Inc., the petitioner herein, as general contractor on a construction project. Petitioner had executed an agreement to indemnify defendant surety for any money paid under the payment bond.

Plaintiff seeks to recover on the payment bond. As plaintiff and defendant are respectively Illinois and Maryland corporations, jurisdiction in the action is predicated on diversity of citizenship.

By this motion, petitioner, a New York corporation, seeks to intervene as of right in the action, pursuant to Rule 24(a)(2), in order to assert various defenses and claims against G.B.S., Leon C. Baker (president and a principal stockholder of plaintiff), and Thaddeus Presby (president and a principal stockholder of G.B.S.) as well as defenses against plaintiff. G.B.S., Baker and Presby are New York residents; and, at present, they are non-parties.

Petitioner has filed "a pleading setting forth the claim or defense for which intervention is sought." Fed.R.Civ.P. 24(c). Among the claims and defenses thus presented are the following: that plaintiff purchased the claims of G.B.S. and the laborers with the intent of litigating these claims in violation of New York Judiciary Law, McKinney's Consol. Laws, c. 30, § 487; that petitioner had been fraudulently induced to enter into its contract with G.B.S.; and that plaintiff, Baker and Presby, through fraud and conspiracy, violated the provisions of Article 3-A of the New York Lien Law, McKinney's Consol.Laws, c. 33 relating to trust funds.

Petitioner has clearly shown that "as a practical matter" its "ability to protect" its interest in the transaction at issue in the present case would be impaired or impeded by a disposition of the action. Fed.R.Civ.P. 24(a)(2).

█ A general contractor may intervene as of right in a suit by a subcontractor against a surety on a performance bond. United States, to Use and Benefit of Foster Wheeler Corp. v. American Surety Co., 142 F.2d 726, 728 (2nd Cir. 1944). See United States v. C. M. Lane Lifeboat Co., 25 F.Supp. 410 (E.D.N.Y. 1938). These decisions interpreted the former Rule 24(a)(2) which applied the stricter "is or may be bound" test for intervention as of right. Because Rule 24(a)(2) as amended sets forth a more liberal test, the instant case constitutes an *a fortiori* one for intervention as of right.

█ Plaintiff argues that petitioner is "adequately represented by existing parties." Fed.R.Civ.P. 24(a). The Court does not agree. Defendant surety is unable to represent adequately petitioner's "interest" because it cannot interpose petitioner's "personal" defenses or claims. Ettlinger v. National Surety Co., 221 N.Y. 467, 117 N.E. 945, 3 A.L.R. 865 (1917); City of New York v. Fidelity and Deposit Co., 253 App.Div. 676, 3 N.Y.S.2d 714 (1st dept.1938).

█ Plaintiff also contends that, if intervention is granted and petitioner is thereafter allowed to join as additional parties G.B.S., Baker and Presby—all New York residents (as is petitioner)—complete diversity of citizenship would be lost after realignment of the parties, and that the Court would no longer have jurisdiction. This contention is fallacious.

█ The claims that petitioner proposes to assert against the three additional parties are compulsory counterclaims within the meaning of Fed.R. Civ.P. 13(a). See Lesnik v. Public Industrials Corp., 144 F.2d 968, 975–976 (2nd Cir. 1944). The general rule, consistently followed in this Circuit, is that

> * * * in the case of a counterclaim which is compulsory, ancillary jurisdiction should extend to additional parties, regardless of an ensuing lack of diversity.

United Artists Corp. v. Masterpiece Productions, 221 F.2d 213, 217 (2nd Cir. 1955) (Clark, C. J.). Accord: Union Paving Co. v. Downer Corp., 276 F.2d 468, 471 (9th Cir. 1960). See Wright, Federal Courts § 79 (1963). The ratio decidendi of these cases is that the presence of all parties to a transaction is required for the court to grant complete relief and to avoid a multiplicity of actions in various forums.

Accordingly, petitioner's motion to intervene of right is hereby granted. So ordered.