**HAWORTH, INC., Plaintiff–Appellee,**

v.

**STEELCASE, INC., Defendant–Appellee,**

**Herman Miller, Inc., Non–Party Movant/Appellant.**

No. 93–1270.

United States Court of Appeals, Federal Circuit.

Dec. 22, 1993.

William K. West, Jr., Cushman, Darby & Cushman, Washington, DC, argued for plaintiff-appellee. With him on the brief were George M. Sirilla, Nancy J. Linck, Susan T. Brown and Barry P. Golob. Of counsel were James Berquist and G. Paul Edgell.

Rudolf E. Hutz, Connolly, Bove, Lodge & Hutz, Wilmington, DE, argued for defendant-appellee. With him on the brief were John D. Fairchild, Richard M. Beck and Harold Pezzner.

Roy E. Hofer, Willian, Brinks, Olds, Hofer, Gilson & Lione, Chicago, IL, argued for non-party movant/appellant. With him on the brief were David A. Anderson, Joel W. Benson, Allan J. Sternstein and Glen P. Belvis. Of counsel were William H. Frankel, Michael E. Milz, Richard A. Cederoth and Kenneth L. Cage.

Before NIES, Chief Judge, RICH, and MICHEL, Circuit Judges.

MICHEL, Circuit Judge.

Appellant, Herman Miller, Inc. (HMI), appeals the decision of the district court denying HMI's motion to intervene. *Haworth, Inc. v. Steelcase, Inc.*, No. 4:85:CV:526, slip op. at 3, 1993 WL 195116 (W.D.Mich. Jan. 21, 1993) (hereinafter "District Court Opinion"). Because we determine that the court did not abuse its discretion in so ruling, we affirm.

## BACKGROUND

In 1985, Haworth, Inc. (Haworth) filed suit against Steelcase, Inc. (Steelcase) in the U.S. District Court for the Western District of Michigan, alleging that electrified wall panel systems made and sold by Steelcase infringed Haworth's patents. In April 1989, Steelcase sued Haworth in the same court for infringement of certain Steelcase patents. Eventually, the district court ruled in the first lawsuit that Haworth's patents were valid, enforceable and infringed. Before completion of the liability phase of the second suit, the two cases were consolidated, and the

parties agreed, as incorporated in an Order of Reference, to submit the remaining issues, including damages, to a Special Master for resolution by settlement or mini-trial (hereinafter "the ADR proceeding"). Both parties agreed to relinquish any right to appeal any decision by the Special Master or any judgment entered thereon by the district court pursuant to the Order of Reference. They also agreed that all transcripts, documents, testimony and other information produced in or in connection with the ADR proceeding would be kept confidential, and that neither party could disclose any information concerning the proceeding without the express written permission of the other.

In January 1992, Haworth sued HMI for infringement of the same patents asserted against Steelcase. In that case, pursuant to Fed.R.Civ.P. 45, HMI subpoenaed Steelcase, a third party, for the production of all documents relating to the *Haworth–Steelcase* litigation, including the ADR proceeding. After Steelcase objected to the subpoena, HMI filed a motion to intervene in the *Haworth–Steelcase* litigation simply for the purpose of obtaining those same documents. HMI argued that it should be permitted to intervene because of, among other things:

(1) HMI's need for access to sworn testimony to prevent Haworth or its witnesses from taking inconsistent positions in the two suits;

(2) the efficiency of not duplicating in the *Haworth–HMI* suit discovery already taken in the *Haworth–Steelcase* litigation; and

(3) the judicial economy served by the issue-preclusive effect that may be accorded to the Special Master's findings.

Initially, Steelcase did not oppose HMI's motion. However, after Haworth threatened to withdraw from the ADR proceeding on the ground that HMI's intervention would "chill" the settlement discussions, Steelcase opposed HMI's motion. Magistrate Judge Rowland denied HMI's motion to intervene and issued a thorough, well-reasoned, twenty-two page opinion explaining the reasons for his decision. HMI appealed the Magistrate's decision to the District Court for the Western District of Michigan, and the court upheld the denial. HMI now appeals.

## STANDARD OF REVIEW

■ When reviewing a procedural matter not unique to patent law, the Federal Circuit follows the law of the appropriate regional circuit. *Heat & Control, Inc. v. Hester Indus., Inc.,* 785 F.2d 1017, 1022 n. 4, 228 USPQ 926, 929 n. 4 (Fed.Cir.1986). This appeal involves a procedural matter not unique to patent law, namely the denial of a motion to intervene. Therefore, since the Western District of Michigan lies within the Sixth Circuit, Sixth Circuit law controls, and the standard of appellate review for a motion for permissive intervention is an abuse of discretion. *Bradley v. Milliken,* 828 F.2d 1186, 1193–94 (6th Cir.1987). An abuse of discretion exists where the court's decision relies on clearly erroneous findings of fact, *Christian Schmidt Brewing Co. v. G. Heileman Brewing Co., Inc.,* 753 F.2d 1354, 1356 (6th Cir.), *cert. dismissed,* 469 U.S. 1200, 105 S.Ct. 1155, 84 L.Ed.2d 309 (1985), improperly applies the law or uses an erroneous legal standard, *id.,* or is simply arbitrary and unjustifiable in view of the circumstances, *N.L.R.B. v. Guernsey–Muskingum Elec. Co-Op., Inc.,* 285 F.2d 8, 11 (6th Cir.1960).

■ In the present case, HMI has failed to establish any such abuse of discretion. Both the Magistrate Judge and the district judge carefully weighed and counter-weighed all the relevant factors before denying HMI's motion. Accordingly, for the reasons further explained below, we affirm the district court's denial of HMI's motion to intervene.

## ANALYSIS

### I. *Appellant's Contentions*

On appeal, HMI argues that the district court abused its discretion because it: (1) gave undue weight to the agreement to keep the ADR proceeding secret, while ignoring the countervailing public policy interest of maintaining open access to court records; (2) overlooked HMI's compelling need for the information; and (3) incorrectly concluded that issue preclusion would not likely apply to the Special Master's findings.

### A.

HMI contends that the district court abused its discretion by improperly focusing on the private concerns of Haworth and Steelcase, while de-emphasizing the public policy favoring open judicial proceedings. HMI cites *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 162–64 (6th Cir. 1987), which reversed and remanded for reconsideration a motion to intervene to obtain discovery, placing great weight on the importance of open proceedings and public access to court documents. While *Meyer Goldberg* recognized legitimate secrecy interests, HMI argues that the *Meyer Goldberg* court did not make them paramount:

> If access to protected fruits can be granted without harm to legitimate secrecy interests, or if no such interests exist, continued judicial protection cannot be justified. In that case, access should be granted even if the need for the protected materials is minimal.

*Id.* at 163 (quoting *In re "Agent Orange" Prod. Liab. Litig.*, 104 F.R.D. 559, 570 (E.D.N.Y.1985)).

The facts of *Meyer Goldberg*, however, are clearly distinguishable from those in the present case. In *Meyer Goldberg*, (1) the proceeding was "public" unlike the private ADR proceeding here; (2) the underlying case had terminated, whereas the ADR proceeding in the present case is still ongoing; (3) only a modification of a protective order after trial was sought, rather than intervention which, at this stage of the proceedings, would essentially permit, though not require participation in, or at least presence at, the evidentiary proceedings and perhaps even settlement negotiations; and (4) the appellate court did not direct intervention, but only remanded for reconsideration, because the record did not reflect the district court's consideration of the tradition of open records, whereas in the present case HMI asks the court to direct the district court to grant HMI's motion to intervene.

Even if the cases were indistinguishable, however, the district court judge did not disregard the legal rule outlined in *Meyer Goldberg*. By agreeing with Magistrate Judge Rowland that "the parties to the ADR process had a legitimate secrecy interest," that "this interest would be harmed if HMI were allowed to intervene," and that "HMI's need for information does not outweigh existing privacy concerns," District Court Opinion at 3, the district judge considered the factors enumerated in and which formed the principal bases for the remand in *Meyer Goldberg*—namely the parties' legitimate secrecy interests weighed against the movant's need for the information and the public's interest in having access to the records.

Contrary to HMI's assertions, the district court did not neglect to consider the importance to the public of open proceedings and access to court documents. Instead, the court considered these factors, but concluded that public access interests should not, in this case, override the ADR agreement, which also fosters strong public policies in favor of judicial economy and private resolution of disputes. Magistrate Judge Rowland specifically found, and the district court judge generally agreed, that undue prejudice to the ADR proceeding would result if HMI were permitted to intervene. Magistrate Judge Rowland stated:

> What is at stake in this case is not a protective order, but a comprehensive and unique alternative dispute resolution procedure, hammered out by plaintiff and defendant after a significant investment of time and money in negotiations, in order to settle two patent lawsuits * * * as well as resolving any other subsequent disputes which might arise * * *.

*Haworth, Inc. v. Steelcase, Inc.*, No. 4:85 CV 526, slip op. at 10, 1992 WL 457284 (W.D.Mich. Aug. 11, 1992) (hereinafter "Magistrate's Opinion").

Magistrate Judge Rowland further added that

> [a]llowing intervention would jeopardize the settlement of not one but two lawsuits which were filed in the Western District of Michigan and later consolidated, as well as the resolution of other disputes between these parties. Furthermore, it is unlikely future elaborate alternative dispute resolution methods, such as the one fashioned in

this case, would be utilized if confidentiality could not be maintained.

Magistrate's Opinion at 21.

In short, the allowance of HMI's intervention, over the opposition of both parties to the ADR proceeding, poses a threat to the continuation and successful completion of the ADR proceeding. At minimum, intervention might chill Haworth's willingness to cooperate in the ADR. The Order of Reference, after all, recognizes the right of either party to withdraw from the ADR proceeding. More likely, however, intervention will disrupt the parties' efforts to settle their differences without completing the mini-trial already underway before the Special Master.

Rule 24(b) of the Federal Rules of Civil Procedure, which governs permissive intervention, specifically states that "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Here, the district court did not abuse its discretion in determining that Steelcase and Haworth would be prejudiced if HMI were permitted to intervene. Accordingly, we affirm the district court's denial of HMI's motion as it relates to concerns of the parties for secrecy and of the public for openness.

### B.

Next, HMI contends that the district court abused its discretion by overlooking HMI's compelling need for the information contained in the ADR documents. HMI asserts that it needs deposition transcripts and other sworn testimony given in the ADR proceeding to prevent Haworth and its witnesses from taking inconsistent positions in the *HMI* litigation. HMI also argues that the Special Master can be expected to determine Haworth's production costs, its profits and its ability to make additional sales otherwise made by the accused infringers. According to HMI, these determinations have clear relevance to the *HMI* litigation, where the same patentee is alleging infringement of the same patents asserted against Steelcase. In addi-

tion, reasonable royalty evaluations, Haworth's policy with respect to licensing, the value of the invention to Haworth in procuring sales of nonpatented items, the profitability and commercial success of the patented product, advantages of the patented product over older products and customary or acceptable profits in the industry for analogous inventions, all *Georgia–Pacific* [1] factors for determining the amount of damages, would have direct bearing on the *HMI* litigation.

Magistrate Judge Rowland found, however, and the district court agreed, that HMI could not "identify any instance where [Haworth] was taking inconsistent positions in its cases * * *." Magistrate's Opinion at 20. Moreover, HMI already had access to *all* information relating to the *Haworth v. Steelcase* public liability trial and appeal, as well as discovery of all Haworth documents and information which antedated or existed apart from the ADR proceeding itself. As Haworth's attorneys aptly note, "HMI does not need a seat at the ADR settlement table to learn Haworth's 'positions' with respect to its patents and/or claim interpretation." Haworth's brief at 10. That information is readily apparent from the previous *public* liability proceeding in *Haworth v. Steelcase,* in which opinions are published. The Federal Circuit in *Micro Motion, Inc. v. Kane Steel Co.,* 894 F.2d 1318, 1325–27, 13 USPQ2d 1696, 1701–03 (Fed.Cir.1990), a case in which a patentee appealed the district court's grant of a motion to quash patentee's subpoena for information concerning its competitor's business, held that parties such as HMI should not be permitted to embark on a "fishing expedition" based on "mere suspicion or speculation." In any event, the potential need for such information must be weighed against the privacy concerns. Taking all factors into consideration, HMI has not shown that the district court judge abused his discretion in concluding that the privacy concerns outweigh the need for the requested documents. Therefore, we affirm insofar as HMI relies on its alleged need for the information.

---

1. *Georgia–Pacific Corp. v. United States Plywood–Champion Papers,* 318 F.Supp. 1116, 1120, 166 USPQ 235, 238 (S.D.N.Y.1970), *aff'd,* 446 F.2d 295, 170 USPQ 369 (2d Cir.), *cert. denied,* 404 U.S. 870, 92 S.Ct. 105, 30 L.Ed.2d 114 (1971).

### C.

HMI also argues that it should be permitted to intervene because of the potential issue-preclusive effect of some of the Special Master's expected findings. HMI notes that this particular ADR proceeding is highly unusual in that all evidentiary matters must be kept secret. Yet, at the conclusion of the proceeding, unless settlement occurs, the Special Master will be required to draft an opinion, explaining his findings of fact and conclusions of law, and file a copy with the district court in confidence and under seal. The district court will then issue a final judgment and order granting relief in conformity with the Special Master's opinion, and this judgment will, according to the Order of Reference, be binding on the parties. Because the judgment from the *Haworth–Steelcase* litigation is potentially binding upon Haworth, HMI contends that it has a *per se* right to intervene.

We disagree. First, HMI cites and we know of no authority, aside from Rule 24(a) upon which HMI did not rely, to support a *per se* right. Moreover, that HMI may argue that Haworth is bound by findings of the Special Master and may not relitigate such issues does not mean HMI therefore must be allowed to intervene. After all, issue-preclusive effect could still be derived from findings of the Special Master since presumably HMI might be able to obtain access to them after the ADR proceeding concludes even though under the ADR agreement the Special Master's opinion is to be under seal. Therefore, HMI is not being denied potential benefits, but merely required to await the event. Second, the district court properly predicted that little issue-preclusive effect or collateral estoppel should be or likely will be accorded to the findings of the Special Master as to Haworth because the ADR proceeding is different from "just another patent case in the federal courts." As the district court judge explained:

[t]hat difference creates several reasons why the specter of collateral estoppel does

not loom as large in this situation as it might in others. First, as a condition of participating in ADR, each party has surrendered [its] right to appeal the decisions of the special master. More importantly, the ethic of ADR is often different than that of litigation. There is an emphasis on compromise, of each side softening their positions in order to meet in the middle. Each concession must be understood in the context of those of the other party. The series of positions each party takes and the decisions of the special master must be looked at as an integrated whole. Therefore, the rationale which drives issue-by-issue collateral estoppel is not wholly applicable in this situation.

District Court Opinion at 4. Generally speaking, we agree.[2] Third, even if the Special Master's ruling does create some risk of issue preclusive effect against Haworth, this risk must be weighed against other factors in determining whether to grant HMI's motion to intervene. The district court did so and did so reasonably.

In this case, judicial economy is best served by promoting ADR and shielding it from unwarranted intrusions. After all, the successful completion of the ADR proceeding between Haworth and Steelcase will resolve the infringement disputes involving six patents without using any additional judicial time or resources. Thus, HMI's contention that intervention in this case would somehow save judicial resources is doubtful at best. Even if it were shown that intervention would save resources, because of the interests of the ADR parties, HMI's motion could still be properly denied. Therefore, affirmance of the district court's denial of HMI's motion to intervene is appropriate in view of these considerations as well.

### II. *Frivolity*

■ Finally, Fed.Cir.R. 38 provides for sanctions for frivolous appeals. This court considers "frivolous" an appeal which was filed where " 'no basis for reversal in law or

---

2. That is not to say that either the district court or we would base the prediction of little preclusive effect on non-appealability or informal adjudication alone. In addition to the non-appeala-

bility and the informality of the Special Master's decision, his opinion containing the findings will be filed under seal.

fact can be or is even arguably shown.'" *State Indus., Inc. v. Mor–Flo Indus., Inc.,* 948 F.2d 1573, 1578, 20 USPQ2d 1738, 1742 (Fed.Cir.1991) (quoting *Connell v. Sears, Roebuck & Co.,* 722 F.2d 1542, 1554, 220 USPQ 193, 203 (Fed.Cir.1983)).

Haworth contends that HMI merely rehashed meritless arguments which were made earlier to and rejected first by Magistrate Judge Rowland and then by the district court judge. Haworth adds that simply because the district judge did not in his opinion expressly reject each of HMI's repetitive arguments, HMI assumed that these arguments were not considered by the district court and took this as a "green light" to reargue all of those points to this court. *See* Appellee's Brief at 19. This conduct is, according to Haworth, improper, especially where the district court judge stated that the Magistrate Judge's opinion is "lengthy and detailed, and [that he would] not attempt to reproduce [the Magistrate Judge's] effort here."

Contrary to Haworth's contentions, we do not consider HMI's appeal frivolous. Although we decide against HMI, we cannot say that HMI's appeal has no basis. HMI raised arguably valid factual and legal issues which could have, but ultimately did not, warrant reversal. In fact, the district court prefaced its denial of HMI's motion by observing that "HMI's arguments are not without merit." District Court Opinion at 1. Also noteworthy perhaps is the fact that Steelcase did not join Haworth's request for sanctions. Moreover, in oral argument, HMI took care to narrow its contentions and to acknowledge factors weighing against its position. In short, HMI's conduct in filing and prosecuting this appeal, which at worst could be characterized as "excessive advocacy," does not warrant sanctions.

## CONCLUSION

Accordingly, we hold that the district court did not abuse its discretion in refusing to permit HMI to intervene in the secret ADR proceeding between Haworth and Steelcase, and HMI's appeal is not frivolous so as to warrant Rule 38 sanctions.

*AFFIRMED.*