158 F.3d 1035
 41 Fed.R.Serv.3d 1543, 98 Cal. Daily Op. Serv. 7875,
98 Daily Journal D.A.R. 10,929
 Vance R. CUNNINGHAM, Plaintiff,
and
Richard Garrett Turay, Plaintiff-Appellee,
and
Laura McCollum, Plaintiff/Intervenor-Appellee,
v.
DAVID SPECIAL COMMITMENT CENTER, John Taylor-Anderson,
individually, and in his marital community and in his
official capacity at the Special Commitment Center at
Monroe, WA; Norm Nelson, individually and in his marital
community and his official capacity at the Special
Commitment Center at Monroe, WA; William Dehmer; Joan
Kirchoff; Karen Sullivan; Scott Neil; Pete Hazel, each in
their individual capacity and in their official capacity as
employees of the Department of Social and Health Services;
Richard Bosse, in his individual capacity and in his
official capacity as an employee of the Department of
Corrections; Steve Wahl; Andre Simon; Mark Seling, Dr.,
Defendants-Appellants.
 No. 97-35494, 97-35618.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 6, 1998.
Decided Oct. 20, 1998.
 
 1
 Sarah J. Coats, Assistant Attorney General, Olympia, WA, for defendants-appellants.
 
 
 2
 Judith M. Mandel, Ronald D. Ness & Associates, Port Orchard, WA, for plaintiff-intervenor-appellee.
 
 
 3
 Appeal from the United States District Court for the Western District of Washington William L. Dwyer, District Judge, Presiding. D.C. No. CV-91-00664-WD/JLW.
 
 
 4
 Before: D.W. NELSON and KOZINSKI, Circuit Judges, and SCHWARZER,* Senior District Judge.
 
 
 5
 SCHWARZER, Senior District Judge.
 
 
 6
 This is an appeal from an injunctive order issued at the behest of an intervenor. We must decide whether we have appellate jurisdiction to review the order and whether the district court erred in permitting intervention.
 
 Factual Background
 
 7
 Richard Turay is a resident of the Washington Special Commitment Center (SCC), having been civilly committed as a sexually violent predator pursuant to a Washington statute, Revised Code of Washington § 71.09 (1992). He brought this action under 42 U.S.C. § 1983 against the superintendent and program director of SCC, charging that his conditions of confinement violated his civil rights. At a trial in 1994, the jury found for defendants on all of plaintiff's claims but one, i.e., that defendants had failed to provide plaintiff with constitutionally adequate mental health treatment. The district court then issued an injunction requiring defendants to bring the SCC treatment program into compliance with constitutional standards. A special master was appointed who worked with defendants and submitted a series of reports to the court. In 1996, eight other male SCC residents were permitted to intervene as plaintiffs for the limited purpose of participating in the administration and enforcement of the injunction.
 
 
 8
 In 1996, and again in 1997, plaintiffs moved for contempt and defendants moved to dissolve the injunction; the motions were denied. In its order issued February 4, 1997, the district court reviewed the proceedings and concluded that progress had been made but more remained to be done before full compliance was achieved. In that order, the court also noted that "SCC's first female resident, Laura McCollum, has recently been committed to the program. This creates treatment and safety issues that require special attention by the defendants." It directed the special master "to file a supplemental report, no later than forty-five days from the date of this order, as to whether Ms. McCollum can receive adequate treatment while housed at SCC." By order issued May 2, 1997, the court granted McCollum leave to intervene as a plaintiff under Federal Rule of Civil Procedure 24(a)(2) "for the limited purpose of participating in the administration and enforcement of the existing injunction." The court opined that "[a]llowing Ms. McCollum to intervene in regard to the monitoring and enforcement of the injunction is the fairest and most efficient way to address her claim that she be provided constitutionally adequate mental health treatment."
 
 
 9
 Having been granted leave to intervene, McCollum then moved "for enforcement of the injunction with regard to her." She asked that she be placed in a treatment facility where she would not be the sole female resident and would not be housed with males and that her treatment plan not require her to participate in therapy with male sex offenders. By order of June 10, 1997, the court granted her motion, ordering defendants to place McCollum in a secure treatment facility where she is not housed with males and to implement a treatment plan for her that does not include participation in therapy with male sex offenders. From that order, and the order granting intervention, defendants appeal.
 
 Appellate Jurisdiction
 
 10
 We have jurisdiction of appeals from interlocutory orders "granting ... [or] modifying ... injunctions...." 28 U.S.C. § 1292(a)(1). Whether an order modifies an existing injunction rather than merely interprets it depends on whether it substantially alters the legal relations of the parties. See Public Serv. Co. of Colorado v. Batt, 67 F.3d 234, 236-37 (9th Cir.1995) (citing Motorola, Inc. v. Computer Displays Int'l Inc., 739 F.2d 1149, 1155 (7th Cir.1984)); see also Stone v. City and County of San Francisco, 968 F.2d 850, 859 (9th Cir.1992) (finding no modification of a consent decree by a contempt order because the order "did not change the underlying legal relationship between the parties"). McCollum argues that the June 1997 order merely implements the purpose of the original injunction to provide constitutionally adequate treatment for persons committed to SCC. In the most general sense, that statement is true. But as the district court acknowledged, the introduction of McCollum as SCC's first female resident created treatment and safety issues that require special attention by defendants. Her special status is reflected in the enforcement order, which calls for her being placed in a treatment facility other than that housing the plaintiffs and being provided a treatment plan that excludes those plaintiffs. Indeed, the order is on behalf of McCollum, whose rights were not adjudicated in the trial, who was not a party to the original injunction, and whose concerns were not the subject of the court-supervised compliance program that had been in force for over two years before McCollum appeared on the scene. If the June 1997 order were regarded as implementing the original injunction, it does so by creating a new legal relationship between McCollum and defendants that did not theretofore exist and adding an entirely new set of obligations. We therefore conclude that the June 1997 order is a modification of the original injunction and that we have jurisdiction to review that order.
 
 McCollum's Intervention
 
 11
 Because McCollum's right to relief under the enforcement order depends on her standing as a party in this proceeding, we must next consider whether the district court erred in granting her leave to intervene. See Idaho Farm Bureau Fed'n v. Babbitt, 58 F.3d 1392, 1397 (9th Cir.1995). We review an intervention decision de novo, except for the requirement of timeliness, which we review for abuse of discretion. See id. To be entitled to intervene under Rule 24(a)(2) the applicant must establish, among other things, that she is so situated that the disposition of the action may as a practical matter impair or impede her ability to protect her interests.[1] See Fed.R.Civ.P. 24(a)(2). The district court made no finding on this point, observing only that allowing McCollum "to intervene in regard to the monitoring and enforcement of the injunction is the fairest and most efficient way to address her claim." The court's failure to determine that McCollum's ability to protect her claimed interest in constitutionally adequate treatment would be impaired or impeded by a disposition of this action in her absence renders the intervention order fatally defective. Moreover, were we to consider that question sua sponte, we see nothing in the record suggesting a basis for making such a determination; as the court acknowledged, McCollum's interest-though broadly analogous to that of the male plaintiffs seeking to vindicate their constitutional rights-is profoundly different and demands consideration separate from theirs. An adjudication concerning the male residents' treatment rights would resolve nothing concerning McCollum's rights and, in particular, her asserted right to separate placement and treatment. Accordingly, the order of intervention must be VACATED and the order of enforcement as to McCollum REVERSED.[2]
 
 
 12
 REVERSED.
 
 
 
 *
 The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 [1]
 McCollum does not seek to qualify for permissive intervention and the court did not address this alternative. See Fed.R.Civ.P. 24(b)(2)
 
 
 [2]
 In view of our disposition of this appeal, we need not reach the merits. But because McCollum is free to institute an independent § 1983 action on her constitutional claim, we note that "the States enjoy wide latitude in developing treatment regimens [for sex offenders]," Kansas v. Hendricks, 521 U.S. 346, 117 S.Ct. 2072, 2085 n. 4, 138 L.Ed.2d 501 (1997), and "liability [on a claim for constitutional deprivation] may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment," Youngberg v. Romeo, 457 U.S. 307, 323, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982)