**TERK TECHNOLOGIES CORPORATION,**
Plaintiff,

v.

**Devan DOCKERY and Windmaster Manufacturing Co.,**
Defendants.

No. 97–CV–74812–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 2, 2000.

Norman C. Ankers, Detroit, MI, Stephen Rosenberg, New York City, for plaintiff.

Mark C. Pierce, Bloomfield Hills, MI, for defendants.

## OPINION

DUGGAN, District Judge.

This action arose out of a complaint filed by Devan Dockery and Windmaster Manufacturing Co. ("WMC") against Terk Technologies ("Terk") for infringement of a design patent relating to an audio/video remote control device, and a complaint by plaintiff Terk that defendants Dockery and WMC were misusing its patent. On June 24, 1998, this Court entered an Order, upon the stipulation of the parties, compelling binding arbitration of the dispute. On December 3, 1999, an arbitration panel issued an arbitration award to plaintiff in the amount of $6,758,433.00, plus statutory costs and interest. That same day, plaintiff filed a motion for entry of judgment pursuant to the arbitration award with this Court. This matter is before the Court on plaintiff's motion for entry of judgment and "motion for preliminary injunction freezing assets." A hearing was held on these matters on January 27, 2000.

## Background

The lawsuit brought by Dockery was settled, and an agreement was placed on the record before this Court on June 11, 1996. The settlement agreement provided, among other things, that Dockery would sell the remote control adapter to Terk "at a price of $17.95," and he would "produce the product to conform to the standards of other nations and acquire the necessary government approvals." (Hr'g of 6/11/96 at 3–4.) Terk was permitted under the agreement to sell the remaining units in its inventory without paying a royalty to Dockery. *Id.* at 5. The parties' interpretation of the settlement gave rise to the lawsuit filed by plaintiff Terk. Plaintiff asserted that defendant Dockery breached the settlement agreement by "[p]urporting to insist that Terk purchase minimum quantities of 20,000 units of the remote control adapter[,] ... [r]efusing to sell to Terk or design or build remote control adapters suitable for foreign sales[, and] ... [a]dvising Terk's customers that Terk is supposedly no longer in the business of selling remote control adapters." (Compl. at ¶ 47).

Defendants claim that they only consented to arbitration of the action filed by Terk when confronted with testimony from former employee Randy Bihm that was adverse to their case. Defendants claim that plaintiff paid Mr. Bihm $10,000.00 to change his story, and testify adversely

against them. Upon learning of the alleged "perjury," defendants filed a motion to have the case returned to this Court. However, the parties stipulated to allow the arbitration to proceed, but reserved their respective positions.

## Discussion

### Motion for Entry of Judgment

Plaintiff moves this court for an entry of judgment on the arbitration award pursuant to 9 U.S.C. § 9. Defendants oppose such entry and ask this Court to vacate the arbitration award.

The Federal Arbitration Act ("the Act") provides, in pertinent part:

(a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—

(1) Where the award was procured by corruption, fraud, or undue means.

(2) Where there was evident partiality or corruption in the arbitrators, or either of them.

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or any other misbehavior by which the rights of any party have been prejudiced.

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

(5) Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators.

9 U.S.C. § 10. Defendants contend that this Court would be justified in vacating the award on two of the above quoted grounds—refusal to hear evidence and fraud.

### Standard of Review

A district court's power to vacate an arbitration award "is almost exclusively confined to the four grounds specified in" the Act. *NCR Corp. v. Sac–Co., Inc.,* 43 F.3d 1076, 1079 (6th Cir.), *cert. denied sub nom. Sac–Co., Inc. v. AT&T Global Info. Solutions Co.,* 516 U.S. 906, 116 S.Ct. 272, 133 L.Ed.2d 193 (1995). Additionally, this Court may also vacate an award if the conduct of the arbitrators constitutes "manifest disregard" of applicable law. *Id.* Arbitration does not provide a system of "junior varsity trial courts" affording the losing party complete and rigorous *de novo* review. *National Wrecking Co. v. International Bhd. of Teamsters, Local 731,* 990 F.2d 957, 960 (7th Cir.1993). On the contrary, the party moving to vacate the award bears a "high" burden of proof to avoid "summary confirmation" of the award. *Ottley v. Schwartzberg,* 819 F.2d 373, 376 (2d Cir.1987). There is a strong policy in favor of upholding arbitration awards. *Federated Dep't Stores, Inc. v. J.V.B. Indus., Inc.,* 894 F.2d 862, 866 (6th Cir.1990) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)).

### Refusal to Hear Evidence

Defendants claim that "the arbitrators refused to hear pertinent evidence material to the controversy and hence, the award should be vacating [sic] pursuant to 9 U.S.C. § 10(a)(3)." (Defs.' Opp. to Mot. for Entry of J. at 6). Defendants contend that it was error for the arbitrators not to consider a previous case that the instant plaintiff had been involved in, to preclude the testimony of one of their former attorneys, and to "arbitrarily" end the arbitration proceedings.

Defendants first complain that the arbitrators should have allowed them to introduce the case of *Larsen v. Terk Technologies Corp.,* 151 F.3d 140 (4th Cir.1998), into evidence. However, the arbitrators determined that the decision was not relevant to the dispute before them. (Arbitra-

tion Tr. at 332–34). Evidentiary decisions of arbitrators "should be reviewed with unusual deference." *Gateway Tech., Inc. v. MCI Telecomm. Corp.*, 64 F.3d 993, 997 n. 4 (5th Cir.1995). Decisions on relevancy will only be reversed on appeal if there has been an abuse of discretion. *See Cook v. American S.S. Co.*, 53 F.3d 733, 742 (6th Cir.1995). Abuse of discretion is found if the arbitrators relied upon clearly erroneous findings of fact, improperly applied the law, or if their decision was simply arbitrary and unjustifiable in view of the circumstances. *Haworth, Inc. v. Steelcase, Inc.*, 12 F.3d 1090, 1092 (Fed. Cir.1993) (citations omitted).

■ The record lacks sufficient proof that the arbitrators abused their discretion in determining that the *Terk* decision from the Fourth Circuit was not relevant. Further, plaintiff's "reputation," which defendants were attempting to demonstrate was "bad," by introduction of the case, was not at issue in the arbitration.[1] The arbitrators made sure to inquire of plaintiff that it was not asserting a claim for loss of reputation before ruling that the case was irrelevant. (*See* Arbitration Tr. at 333–34). Accordingly, the arbitrators did not abuse their discretion.

■ Defendants next argue that the arbitrators erred when they refused to allow the testimony of one of defendants' former attorneys, Theresa Orr, Esq. Ms. Orr was an attorney for defendants who participated in the negotiations that led to the placing of the original settlement on the record before this Court. Defense counsel conceded to the Court at oral argument that the arbitrators had an affidavit from attorney Orr regarding her proposed testimony; yet, the arbitrators ruled that attorney Orr's testimony would not be "helpful" to their determination and refused to permit it. (Arbitration Tr. at 962). In light of the fact that the arbitrators knew what

attorney Orr would testify to, but still deemed her testimony "not helpful," the Court rejects defendants' argument.

■ Lastly, defendants argue that the arbitrators "arbitrarily" concluded the proceedings. Presumably, defendants argue that they were not given a fair opportunity to present their case. However, the arbitrators heard proofs for five days, and defendants put on their case for a day and one-half. Arbitrators are not bound to hear all the evidence tendered by the parties; they need only afford each party the opportunity to present their arguments and evidence. *See Forsythe Int'l, S.A. v. Gibbs Oil Co. of Tex.*, 915 F.2d 1017, 1022 (5th Cir.1990) (explaining that arbitrators "should be expected to act affirmatively to simplify and expedite the proceedings before [them]"). Further, defendants failed to make an offer of proof (other than the proposed testimony of attorney Orr) as to what relevant evidence they would have introduced had the arbitrators not ended the proceedings. This Court cannot conclude that it was error for the arbitrators to conclude the proceedings after five days of testimony.

*Fraud*

Defendants also claim that the award should be vacated because it was "procured by fraud," alleging that "the question of perjury by one of the witnesses, (at least by deposition) Randy Bihm, was never addressed." (Defs.' Opp. to Mot. for Entry of J. at 9–10). Defendants argue that Randy Bihm's allegedly perjured testimony was the reason why defendants agreed to arbitration (and thus, the adverse award against them).

■ However, although Mr. Bihm gave what defendants determined to be damaging deposition testimony that they claim

---

1. At the hearing on January 27, 2000, defense counsel contended that such evidence was admissible as to credibility. This Court disagrees. The Court is not aware of any rule of evidence, nor did defense counsel cite to one at oral argument, that specifically allows the introduction of such prior cases into evidence. The Court disagrees with defense counsel's assertion at the hearing on this matter that the question of the case's admission into evidence should be treated "like a conviction of a felony."

was perjured and caused them to go to arbitration, defense counsel acknowledged at the hearing on January 27, 2000, that testimony from Mr. Bihm was not presented to, or considered by, the arbitrators. Therefore, even if Mr. Bihm's deposition testimony was "suborned perjury," this Court does not conclude that the *award* was "procured by fraud." *See* 9 U.S.C. § 10(a)(1). Defendants have again failed to meet the high burden necessary to avoid summary confirmation.

### "Manifest Disregard"

■ Defendants claim that the arbitrators' conclusion that plaintiff stated a claim "that falls under the purview of the Lanham Act is manifest disregard of the law." (Defs.' Opp. to Mot. for Entry of J. at 14–15). The manifest disregard of the law standard is very narrow. "A mere error in interpretation or application of the law is insufficient. Rather, the decision must fly in the face of clearly established legal precedent." *Merrill Lynch, Pierce, Fenner & Smith v. Jaros*, 70 F.3d 418, 421 (6th Cir.1995) (internal citation omitted). Arbitrators act in manifest disregard of the law only if the applicable legal principle is clear and well-settled and they refuse to follow such principle. *Id.*

■ Defendants cannot meet this heavy burden. Defendants' claim, in this Court's opinion, is no more than an argument that they merely disagree with the arbitrators' findings regarding the Lanham Act violation. This Court does not accept that defendants' "disagreement" with the arbitrators' decision constitutes a "manifest disregard" of the law sufficient to warrant vacating the award.[2] *See W.K. Webster & Co. v. American President Lines, Ltd.*, 32 F.3d 665, 669 (2d Cir.1994). Accordingly, for the reasons set forth above, and for the reasons set forth on the record at the hearing on this matter, the Court shall grant plaintiff's motion for entry of judgment.

### Motion for Preliminary Injunction

Plaintiff requests that this Court enter an "injunction prohibiting defendants from transferring any assets (except in ordinary course) until the Court enters judgment on the arbitration award and, thereafter, until and unless defendants post an appropriate *supersedeas* bond." (Pl.'s Br. in Supp. of Mot. for Prelim. Inj. at 1). However, later in its brief, plaintiff requests that the injunction "extend only for the period necessary for this Court to rule on Terk's motion to enter judgment on its arbitration award." (*Id.* at 7–8). If plaintiff is truly only requesting the foregoing relief, its motion is moot as this Court has already ruled on plaintiff's motion *supra.*

■ Plaintiff claims that it is entitled to the injunction because it "has an equitable interest in the profits which defendants wrongfully diverted to themselves as a result of their violations of the Lanham Act." (Pl.'s Mot. for Prelim. Inj. at ¶ 2). The Court must consider four factors in deciding whether to issue a preliminary injunction:

1. the likelihood of plaintiff's success on the merits;

2. whether the injunction would save plaintiff from irreparable injury;

3. whether issuance of the injunction would harm others; and

4. whether the public interest would be served by issuance of an injunction.

*Moltan Co. v. Eagle–Picher Indus., Inc.*, 55 F.3d 1171, 1175 (6th Cir.1995).

None of these four factors is a prerequisite to the issuance of a preliminary injunction; rather, the Court must balance the four factors in deciding the propriety of a preliminary injunction. *Performance Unlimited v. Questar Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir.1995). However, "the plaintiff must always demonstrate some irreparable injury before a preliminary injunction may issue." *Friendship Materials, Inc. v. Michigan Brick, Inc.*,

---

2. The Court is not persuaded by defense counsel's assertion at oral argument that the arbitrators' decision "created a whole new federal common law."

679 F.2d 100, 104 (6th Cir.1982). "In general, the extent a party must demonstrate a substantial likelihood of success varies inversely with the degree of harm the party will suffer absent an injunction." *Cincinnati Sub–Zero Prod. v. Augustine Med.*, 800 F.Supp. 1549, 1557 (S.D.Ohio 1992) (citing *Roth v. Bank of the Commonwealth*, 583 F.2d 527, 538 (6th Cir.1978), *cert. dismissed*, 442 U.S. 925, 99 S.Ct. 2852, 61 L.Ed.2d 292 (1979)).

In light of the four factors, and for the reasons set forth on the record, the Court is not persuaded that a preliminary injunction should issue at this time. Accordingly, the Court shall deny plaintiff's motion for preliminary injunction without prejudice.

### Conclusion

For the reasons set forth above, and for the reasons set forth on the record at the hearing on this matter, the Court shall grant plaintiff's motion for entry of judgment, and deny plaintiff's motion for "preliminary injunction freezing assets" without prejudice.

A Judgment and Order consistent with this Opinion shall issue forthwith.

### *ORDER*

This action arose out of a complaint filed by Devan Dockery and Windmaster Manufacturing Co. ("WMC") against Terk Technologies ("Terk") for infringement of a design patent relating to an audio/video remote control device, and a complaint by plaintiff Terk that defendants Dockery and WMC were misusing its patent. On June 24, 1998, this Court entered an Order, upon the stipulation of the parties, compelling binding arbitration of the dispute. On December 3, 1999, an arbitration panel issued an arbitration award to plaintiff in the amount of $6,758,433.00, plus statutory costs and interest. This matter is before the Court on plaintiff's "motion for preliminary injunction freezing assets."

For the reason set forth in an Opinion issued this date,

**IT IS ORDERED** that plaintiff's "motion for preliminary injunction freezing assets" is **DENIED WITHOUT PREJUDICE.**