**NIKON CORPORATION and Nikon Precision, Inc., Plaintiffs,**

v.

**ASM LITHOGRAPHY B.V. and ASM Lithography, Inc., Defendants.**

**Nos. C 01–5031 MHP, C 02–5081 MHP, C 02–5601 MHP.**

United States District Court, N.D. California.

Aug. 6, 2004.

Harold J. McElhinny, Jack W. Londen, Morrison & Foerster LLP, San Francisco, CA, James A. Oliff, John W. O'Meara, Kirk M. Hudson, Stephen T. Owen, William J. Utermohlen, Oliff & Berridge, Alexandria, VA, for Plaintiffs.

Cynthia D. Vreeland, Michael J. Summersgill, Wayne L. Stoner, William G. McElwain, Wilmer, Cutler, Pickering, Hale and Dorr LLP., Elizabeth M. Reilly, Lisa Amatangel, Michelle D. Miller, Patrick M. Callahan, Saklaine Hedaraly, Hale and Dorr LLP, Boston, MA, George A. Yuhas, Esq., Orrick Herrington & Sutcliffe LLP, San Francisco, CA, James M. Dowd, Hale and Dorr LLP, Washington, DC, for Defendants.

William F. Lee, Wilmer, Pickering, Hale and Dorr LLP., Boston, MA, for Counter-Claimants.

### Order and Memorandum
### Motion to Intervene

PATEL, Chief Judge.

On December 21, 2001, plaintiffs Nikon Corporation and Nikon Precision, Inc. (collectively "Nikon" or "plaintiffs") brought a patent infringement action against defendants ASM Lithography B.V. and ASM Lithography, Inc. (collectively "ASML" or "defendants").[1] Among other things, plaintiffs' complaint alleges infringement of four patents: United States Patent Number 6,233,041 ("the '041 patent"), United States Patent Number 6,377,336 ("the '336 patent"), United States Patent Number 6,392,740 ("the '740 patent"), and United States Patent Number 6,008,500 ("the '500 patent"). An additional patent—United States Patent Number 5,801,832 ("the '832 patent"), belonging to ASML—is the subject of a number of counterclaims. All five patents pertain to photolithographic and microlithographic machines used in the manufacture of integrated circuits.

Many of Nikon's claims against ASML concern a collection of optical components produced by Carl Zeiss SMT AG ("Zeiss"). Zeiss's optical components make up a significant part of ASML's accused designs, and ASML's patronage is pivotal to Zeiss's business; in fact, ASML is Zeiss's only customer, meaning, "as a practical matter, [the two] stand and fall together." See Zeiss Mot., at p. 5.[2] Zeiss has now moved to intervene in this action under Federal Rule of Civil Procedure 24. See Fed.R.Civ.P. 24(a) & (b).[3]

---

1. On March 22, 2002, plaintiffs filed an amended complaint.

2. Perhaps not surprisingly, ASML does not contest Zeiss's motion to intervene.

3. On June 10, 2004, Zeiss filed an amended complaint-in-intervention. None of the putative changes to Zeiss's complaint impact the court's Rule 24 analysis, and the court need not catalog those changes here.

■ Federal Rule of Civil Procedure Rule 24 has long been "liberal[ly] constru[ed] in favor of applicants for intervention." *Arakaki v. Cayetano,* 324 F.3d 1078, 1082–83 (9th Cir.2003) (citing *Donnelly v. Glickman,* 159 F.3d 405, 409 (9th Cir.1998)); *see also Haworth, Inc. v. Steelcase, Inc.,* 12 F.3d 1090, 1094 (Fed.Cir.1993) (noting, generally, that procedural matters like intervention are governed by the law of the circuit of residence). Under Rule 24(a), a party retains *the right* to intervene if: (1) the applicant has made a timely motion to intervene; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant is situated such that the disposition of the action may impair or impede the applicant's ability to protect that interest; *and* (4) the applicant's interest is not adequately represented by existing parties. *See* Fed. R.Civ.P. 24(a)(2); *Arakaki,* 324 F.3d at 1082–83. Rule 24(a)'s test is conjunctive; to merit intervention as of right, a prospective intervenor must satisfy each Rule 24(a) requirement. *See League of United Latin Am. Citizens v. Wilson,* 131 F.3d 1297, 1302 (9th Cir.1997).

■ Zeiss may not intervene under Rule 24(a). Zeiss is correct, of course, that its motion to intervene is sufficiently timely. Since Nikon filed its original complaint, Nikon and ASML have indeed "covered a lot of legal ground together," establishing the calendar for this litigation, filing potentially dispositive motions, and participating in the construction of dozens of claim terms. *See California Dept. of Toxic Substances Control v. Commercial Realty Projects, Inc.,* 309 F.3d 1113, 1119 (9th Cir.2002) (considering three timeliness factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay") (citation omitted); *see generally Smith v. Marsh,* 194 F.3d 1045, 1050 (9th

Cir.1999); *Wilson,* 131 F.3d at 1303 (noting that, when evaluating the "stage of proceeding" factor, courts must engage in "a [ ] nuanced, pragmatic" inquiry). But Zeiss's motion comes during the discovery phase of this protracted litigation, a period well before the court has addressed any of the parties' many anticipated dispositive motions. *Id.* (noting that when a court's decision to "substantively—and substantially—engage[ ] the issues in [a] case … weighs heavily against allowing intervention as of right under Rule 24(a)(2)"); *see also Smith,* 194 F.3d at 1050–51. As the real substance of this litigation has not been engaged, Zeiss's is not unduly tardy. *Cf. Smith,* 194 F.3d at 1050.

The fact that Zeiss's intervention will cause very little (if any) prejudice to Nikon[4] only supports a finding of timeliness, as does the fact that Zeiss offers a generally persuasive explanation for its delay in seeking to intervene. *Cf. Wilson,* 131 F.3d at 1304. As a part of its motion, Zeiss states unequivocally that it has "no intention of re-asking Nikon for what it has already [produced in discovery]," that it will readily comply with all existing court-set schedules, and that it will not attempt to upset any of this court's existing decisions. *See* Zeiss Reply, at p. 4. Weighed against these assurances, Nikon's fears of the need to refocus particular filings and the (amorphous) risk of a flurry Zeiss-filed motions do not establish the requisite quantum of prejudice—nor do they show that Zeiss's participation will prompt any delay. *Cf. Wilson,* 131 F.3d at 1304–05. Further, Zeiss's explanation for its delay—specifically, that Zeiss's optics devices have recently proven the crux of this litigation and that Zeiss waited in the hope that this action would settle—is sufficiently convincing. *Cf. Wilson,* 131 F.3d at 1304 (noting that it is not enough to recite the present procedural posture of a case). Only recently has it become clear that Zeiss's products sit at the center of

---

4. In its motion, Zeiss goes so far as to say that its involvement as a party will actually *benefit* Nikon, as Zeiss is uniquely equipped to discuss particular aspects of the germane accused devices. *See* Zeiss Mot., at p. 4 ("If anything, Nikon will benefit … from the intervention because it will allow discovery directly …."). This putative "benefit" seems a tenuous one, and

Zeiss goes too far to suggest that Nikon should *want* an additional adverse party added to this litigation. In any event, the relevant question is not whether Nikon would benefit from Zeiss's intervention; the question is only whether such involvement would prejudice Nikon unfairly. *See, e.g., Oregon,* 745 F.2d at 552. The court finds that it would not.

this multifarious litigation. It may be true that Zeiss might have moved to intervene somewhat earlier in this litigation—which, as Nikon stresses, has been pending for many months.[5] But the relevant question is not whether Zeiss could have sought intervention sometime before it actually did. *Id.* The question, rather, is whether Zeiss actually sought to intervene too late. Zeiss's motion comes at a sufficiently early stage; it will not prejudice the other parties significantly;[6] and Zeiss's proffered reasons for any delay are acceptable. *See California Dept. of Toxic Substances Control,* 309 F.3d at 1119. Under the relevant test, then, Zeiss's motion to intervene is adequately timely. *See id.* at 1303–04; *cf. also United States v. Oregon,* 745 F.2d 550, 552 (9th Cir.1984) (holding that the district court did not abuse its discretion by finding prejudice when intervention was sought after settlement involving a delicate compromise following four years of negotiation with certain points still disputed).

It is likewise true that Zeiss's interests may not be adequately represented by ASML in this action. As Zeiss readily admits, Zeiss's core litigation objective (viz., to have Nikon's patents declared invalid) parallels ASML's goal precisely. *See* Zeiss Mot., at p. 5. The two, Zeiss explains, "stand and fall together"—so much so that ASML has already made use of Zeiss's resources in this action, consulting with Zeiss's counsel and submitting Zeiss's claim construction arguments. *See, e.g.,* Londen Decl., Exhs. H–I. It is natural to presume, then, that ASML's representation of *Zeiss's* interests will be adequate. Under Ninth Circuit law, however, all that Zeiss must show is that ASML's representation *"may be"* inadequate. *Northwest Forest Res. Council v. Glickman,* 82 F.3d 825, 838 (9th Cir.1996). While ASML is represented by highly experienced, competent lawyers and is assisted by talented scientific and technical experts, the role of Zeiss optical components in the ASML systems is

substantial and Zeiss brings a very high, even unique, level of expertise. That expertise is critical to the success of their joint enterprise. With Zeiss, a corporation headquartered outside the United States, as an intervenor there is more ready availability of discovery, including documents and witnesses.

The court finds that Zeiss makes a sufficient showing on the adequacy of representation factor. *See Sagebrush Rebellion, Inc. v. Watt,* 713 F.2d 525, 528 (9th Cir.1983) (considering, *inter alia,* whether one part will "undoubtedly make all of the intervenor's arguments"); *cf. Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972).

■ But Zeiss has not established the requisite *legally* protectable interest—that is, a statutory, contract, or constitutional interest in this litigation. Rather, all that Zeiss states is an *economic* interest, albeit of a significant sort. There is no question that Zeiss has substantial business and economic interests in this litigation; should ASML's microlithographic components be found unlawful, Zeiss's business would suffer a concomitant blow. *Cf. Arakaki,* 324 F.3d at 1083 (holding that no protectable interest existed after the district court dismissed a pertinent claim). But the Ninth Circuit has held that "[a]n economic stake in the outcome of the litigation, even if significant, is not enough" to qualify as a protectable interest under Rule 24(a). *See Greene v. United States,* 996 F.2d 973, 976 (9th Cir.1993). This is no less true, in the Ninth Circuit, where an unsubstantiated claim of indemnification is also made. *See id.; see also U.S. ex rel. McGough v. Covington Technologies Co.,* 967 F.2d 1391, 1396 (9th Cir.1992) (discussing how issue or claim preclusion might impair particular interests); *cf. Cunningham . v. David Special Commitment Center,* 158 F.3d

---

5. Whether or not Nikon overstates the actual time-span, the outcome is the same: Zeiss did wait a number of months before seeking to intervene, but it did *not* wait so long as to make its motion untimely under Federal Rule of Civil Procedure 24.

6. This is not to say that Nikon will not be prejudiced at all. When litigating certain motions, Nikon may well face opposition from both ASML and Zeiss, thus giving shape to Nikon's "two versus one" fears. But this type of potential challenge does not make Zeiss's motion untimely, especially where Nikon has ample resources—and amply skilled counsel—at its disposal.

1035, 1038 (9th Cir.1998) (reversing a decision to permit intervention where the district court made no finding whatsoever regarding impaired or impeded interests); *Portland Audubon Soc. v. Hodel*, 866 F.2d 302, 309 (9th Cir.1989) (holding economic interest insufficient only in the NEPA context); *Coleman Capital Corp. v. Fidelity & Deposit Co.*, 43 F.R.D. 407, 408 (S.D.N.Y.1967). It follows that Zeiss may not intervene as a matter of right under Rule 24(a). *Id.*

 Under Rule 24(b), however, Zeiss may intervene in this action. Unlike Rule 24(a), Rule 24(b) does not require the potential intervenor to demonstrate a "significant protectable interest." *See Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1107–08 (9th Cir.2002). There is no requirement under Rule 24(b) that "the intervenor [ ] have a direct personal or pecuniary interest in the subject of the litigation," *SEC v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459, 60 S.Ct. 1044, 84 L.Ed. 1293 (1940), nor does the rule mandate that the potential intervenor "be a person [or entity] who would have been a proper party at the beginning of the suit." *Kootenai*, 313 F.3d at 1107 (citing 7C Wright, Miller & Kane, *Federal Practice and Procedure* § 1911, 357–63 (2d ed.1986)). Instead, permissive intervention requires only that (1) an independent ground for jurisdiction exist, (2) that the motion to intervene be timely, and (3) that there exist a claim or defense shared between the main and the intervenor's suit. *See, e.g., id.* ("[A]ll that is necessary for permissive intervention [under Rule 24(b)] is that intervenor's 'claim or defense and the main action have a question of law or fact in common.'") (quoting Fed.R.Civ.P. 24(b)); *United States v. Washington*, 86 F.3d 1499, 1506–07 (9th Cir.1996) (following a tripartite test).

There is little question that Rule 24(b)'s three factors are present here. Zeiss's motion—or, more specifically, Zeiss's complaint in intervention—rests on a valid, independent ground for jurisdiction, as the declaratory judgment Zeiss seeks depends exclusively on federal patent law. *See* 28 U.S.C. §§ 2201–02; *see also* 28 U.S.C. § 1331. It may be true, of course, that Nikon has not yet affirmatively "threatened" Zeiss with suit. *See* Nikon Mot., at 9–11 (citing, e.g., *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 736 (Fed.Cir.1988); *BP Chem., Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 980 (Fed.Cir.1993)). But Zeiss need only "reasonably apprehend" suit, and Nikon reads this requirement too rigidly, ignoring the fact that Zeiss could well be targeted for indirect infringement given its relationship with ASML. There is, thus, no subject-matter jurisdiction problem here.

In addition, Zeiss's motion presents a number of "questions of law or fact in common" with the "main action"; as Zeiss itself explains, "Zeiss seeks precisely the same relief that ASML does with regard to the Nikon optics patents."[7] *See* Fed.R.Civ.P. 24(b); Zeiss Mot., at p. 7. The facts—and, indeed, much of the law—are identical. *Id.* And, as discussed above, Zeiss's motion is sufficiently timely, coming during the fact discovery portion of this litigation and less than a year after Nikon opted to focus on Zeiss-manufactured products. *See Wilson*, 131 F.3d at 1303–04; *see also California Dept. of Toxic Substances Control*, 309 F.3d at 1119; *Oregon*, 745 F.2d at 552. Before this court and the ITC, this litigation has been proceeding—often slowly—for years. In this court, much of the substance of this action is still to come—including a myriad of summary judgment motions and, if necessary, a lengthy trial. Rule 24 does not permit would-be intervenors to join an ongoing action at any time, particularly when all relevant interests are adequately represented by existing parties and motions are filed too late. But Rule 24(b) does allow parties to intervene—as a matter of court discretion—when the motion is timely, when the court has subject-matter jurisdiction, and when there are questions of law or fact in common. *See* Fed.R.Civ.P. 24(b). All of Rule 24(b)'s terms are satisfied here, and Zeiss may intervene in this action accordingly—subject to the conditions listed below.

Finally, the court can order the proceedings in this case so as to minimize delay and burdens to the parties and keep this case on

---

7. The "optics patents" referenced are the '041 patent, the '336 patent, and the '740 patent.

track. And, by this order the court instructs the parties that it intends to do just that and expects them to conduct themselves in accordance with this intent.

CONCLUSION

For the foregoing reasons, Zeiss's motion to intervene is GRANTED. Zeiss is bound by all existing orders in this action, including the court's claim construction and the court's pre-trial schedule and discovery limits. Zeiss is also to file its Federal Rule of Civil Procedure 26 disclosures within 45 days, making all relevant deponents available to Nikon promptly; depositions already completed shall not be reopened.

IT IS SO ORDERED.